David L. Mazaroli
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com
-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|  |  |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA : | ECF CASE |
| : | 11 Civ. 6304 (CM) |
| Plaintiff, : | **COMPLAINT** |
| - against - : |  |
| AMERICAN AIRLINES CARGO; : AMERICAN AIRLINES; AMERICAN AIRLINES INC.; : |  |
| Defendants. : |  |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1.      Plaintiff Indemnity Insurance Company of North America ("IINA") is a corporation organized under the laws of, and with its principal place of business in, the state of Pennsylvania, and maintains an office at 140 Broadway, New York, New York, and sues herein as subrogated insurer of Universal Leaf Tobacco Company.  Plaintiff also sues for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2.       Defendants are believed to be corporations organized under the laws of, and with their principal place of business in, certain of the fifty states other than Pennsylvania.

3.      This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York and the United States as a whole.

**FIRST CAUSE OF ACTION**

4.      Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5.      This Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331.  There is also diversity pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.      This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments, protocols and successor treaties thereto in effect in the country of origin and destination at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, *1999 WL 33292734 (2000)* (entered into force Nov. 4, 2003) ("Montreal Convention").

7.      This action involve damage and loss to a shipment of tobacco bobbins which moved from the Dominican Republic to the United States, as described more fully in American Airlines Cargo air waybill 001-7867-1935 dated on or about August 3, 2010, and others.

8.       Said damage and loss was the result of defendants' fault, recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, protect and care for the cargo in question and in that defendants had no proper and effective procedures to receive, handle, carry, transfer and care for the cargo

9.       By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $79,237.45, plus incidental expenses including survey fees, no part of which has been paid although duly demanded.

10.      Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11.      Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this complaint.

12.      When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition.

13.      However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead the cargo was in damaged and depreciated condition at the time of delivery.

14.      Therefore, defendants, as common carriers, bailees, and/or warehousemen, are liable to plaintiff for the claimed damage and loss to the cargo in suit.

## THIRD CAUSE OF ACTION

15. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 and 7 through 10 of this complaint.

16. Defendants breached their duty of care with respect to accessorial services they contracted to provide for the subject shipment.

17. Said breaches constitute material deviations and/or fundamental breaches of the governing accessorial contracts.

18. As a result, defendants are liable without limitation of any kind for the full amount of plaintiff's damages.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

    (a) for the sum of $79,237.45, plus incidental expenses including survey fees;

    (b) for prejudgment interest at the rate of 9% per annum;

    (c) for the costs and disbursements of this action;

    (d) for such other and further relief as this Court deems proper and just.

Date: New York, New York
      May 25, 2011

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*
_____
David L. Mazaroli
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 1G-2055